WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for the City Defendants
3 Gannett Drive
White Plains, NY  10604
(914) 323-7000
Attn:   Peter A. Meisels (PM-5018)
          Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
YIMI SOTO,                                                                      :
                                                                                         07 Civ. 3726 (SCR)
                         Plaintiff,                                              :

     -against-                                                                   :
                                                                                         **AMENDED ANSWER**
THE CITY OF NEW ROCHELLE, POLICE OFFICER           :
WEINERMAN, SHEILD #9792, POLICE OFFICER ARIAS,
SHEILD #8951, POLICE OFFICER RIVERA, ALL              :
INDIVIDUALLY AND AS POLICE OFFICERS, AND
PATRICK J. CARROLL, AS POLICE COMMISSIONER OF   :
NEW ROCHELLE, AND INDIVIDUALLY AND THE COUNTY
OF WESTCHESTER,                                                           :

                         Defendants.                                         :
--------------------------------------------------------------------------------x

Defendants the City of New Rochelle, Marc Weinerman (s/h/a "Police Officer Weinerman), Isabel Arias (s/h/a "Police Officer Arias"), Rafael Rivera (s/h/a "Police Officer Rivera"), and Patrick J. Carroll (collectively, the "City Defendants"), by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for their answer and affirmative defenses to the complaint herein, allege as follows:

**JURISDICTION**

1.     Deny the truth of any allegations contained in paragraph 1 of the complaint and respectfully refer all questions of law to the Court.

1582215.1

2.	Deny the truth of any allegations contained in paragraph 2 of the complaint and respectfully refer all questions of law to the Court.

**PARTIES**

3.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.	Deny the truth of any allegations contained in paragraph 4 of the Complaint, except admit that Marc Weinerman was employed as a New Rochelle Police Officer on May 7, 2006, and respectfully refer all questions of law to the Court.

5.	Deny the truth of any allegations contained in paragraph 5 of the complaint, except admit that Isabel Arias was employed as a New Rochelle Police Officer on May 7, 2006, and respectfully refer all questions of law to the Court.

6.	Deny the truth of any allegations contained in paragraph 6 of the complaint, except admit that Patrick J. Carroll was employed as the Police Commissioner of the City of New Rochelle on May 7, 2006, and respectfully refer all questions of law to the Court.

7.	Deny the truth of the allegations contained in paragraph 7 of the complaint, except admit that the City of New Rochelle is a municipal corporation.

8.	Deny knowledge or information sufficient to form a belief as to the truth of any allegations contained in paragraph 8 of the complaint.

9.	Deny the truth of any allegations contained in paragraph 9 of the complaint, except admit that the Police Department of the City of New Rochelle ("NRPD") is a department of the City of New Rochelle and does not separately exist as an independent municipal corporation or public entity.

10. Deny the truth of any allegations contained in paragraph 10 of the complaint, except admit that the summons is dated May 11, 2007.

## FACTUAL ALLEGATIONS

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Deny the truth of the allegations contained in paragraph 12 of the complaint, except admit that Officer Wienerman and other members of the NRPD, were present outside the El Dorado Bar in New Rochelle, New York on May 7, 2006.

13. Deny the truth of the allegations contained in paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Deny the truth of the allegations contained in paragraph 16 of the complaint, and respectfully refer all questions of law to the Court.

17. Deny the truth of the allegations contained in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, except admit that Soto was transported to Sound Shore Medical Center.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, except admit that Soto was released from the hospital.

20. Admit the allegations contained in paragraph 20 of the complaint.

21. Deny the allegations contained in paragraph 21 of the complaint.

22. Deny the allegations contained in paragraph 22 of the complaint.

23. Deny the allegations contained in all parts of paragraph 23 of the complaint, and respectfully refer all questions of law to the Court.

24. Deny the allegations contained in all parts of paragraph 24 of the complaint, and respectfully refer all questions of law to the Court.

25. Deny the allegations contained in paragraph 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

27. Deny the allegations contained in paragraph 27 of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, except deny that Soto is entitled to punitive damages, and respectfully refer all questions of law to the Court.

## COUNT I – VIOLATION OF 42 U.S.C. §1983

29. Repeat and reallege each response set forth above in paragraphs "1" through "28," with the same force and effect as if fully set forth herein.

30. Deny the truth of any allegations contained in paragraph 30 of the complaint, and respectfully refer all questions of law to the Court.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983
## WRONGFUL ARREST, AND BATTERY

31. Repeat and reallege each response set forth above in paragraphs "1" through "30," with the same force and effect as if fully set forth herein.

32. Deny the truth of the allegations contained in paragraph 32 of the complaint.

33. Deny the truth of the allegations contained in paragraph 33 of the complaint.

34. Deny the truth of the allegations contained in all parts of paragraph 34 of the complaint, and respectfully refer all questions of law to the Court.

35. Deny the truth of the allegations contained in paragraph 35 of the complaint, and respectfully refer all questions of law to the Court.

36. Deny the truth of the allegations contained in paragraph 36 of the complaint, and respectfully refer all questions of law to the Court.

37. Deny the truth of the allegations contained in paragraph 37 of the complaint.

38. Deny the truth of the allegations contained in paragraph 38 of the complaint.

39. Deny the truth of the allegations contained in paragraph 39 of the complaint.

40. Deny the truth of the allegations contained in paragraph 40 of the complaint.

41. Deny the truth of the allegations contained in all parts of paragraph 41 of the complaint.

42. Deny the truth of the allegations contained in paragraph 42 of the complaint.

43. Deny the truth of the allegations contained in paragraph 43 of the complaint.

## COUNT III – VIOLATION OF 42 U.S.C. §1983 MONELL CLAIM

44. Repeat and reallege each response set forth above in paragraphs "1" through "43," with the same force and effect as if fully set forth herein.

45. Deny the truth of the allegations contained in paragraph 45 of the complaint.

46. Deny the truth of the allegations contained in paragraph 46 of the complaint.

47. Deny the truth of the allegations contained in paragraph 47 of the complaint.

48. Deny the truth of the allegations contained in all parts of paragraph 48 of the complaint.

49. Deny the truth of the allegations contained in paragraph 49 of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

### COUNT IV – VIOLATION OF 42 U.S.C. §1983 SUPERVISORY LIABILITY

51. Repeat and reallege each response set forth above in paragraphs "1" through "50," with the same force and effect as if fully set forth herein.

52. Deny the truth of the allegations contained in paragraph 52 of the complaint.

53. Deny the truth of the allegations contained in paragraph 53 of the complaint.

54. Deny the truth of the allegations contained in paragraph 54 of the complaint.

55. Deny the truth of the allegations contained in paragraph 55 of the complaint, and respectfully refer all questions of law to the Court.

### COUNT V – PENDANT STATE CAUSE OF ACTION FOR ASSAULT AND BATTERY BY YIMY SOTO

56. Repeat and reallege each response set forth above in paragraphs "1" through "55," with the same force and effect as if fully set forth herein.

57. Deny the truth of the allegations contained in paragraph 57 of the complaint.

58. Deny the truth of the allegations contained in paragraph 58 of the complaint.

59. Deny the truth of the allegations contained in paragraph 59 of the complaint, and respectfully refer all questions of law to the Court.

## COUNT VI – PENDENT STATE CAUSE OF ACTION

## FOR FALSE ARREST AND IMPRISONMENT

60. Repeat and reallege each response set forth above in paragraphs "1" through "59," with the same force and effect as if fully set forth herein.

61. Deny the truth of the allegations contained in paragraph 61 of the complaint.

62. Deny the truth of the allegations contained in paragraph 62 of the complaint.

63. Deny the truth of the allegations contained in paragraph 63 of the complaint.

64. Deny the truth of the allegations contained in paragraph 64 of the complaint.

65. Deny the truth of the allegations contained in paragraph 65 of the complaint, and respectfully refer all questions of law to the Court.

## COUNT VII - PENDENT STATE CAUSE OF ACTION

## FOR MALICIOUS PROSECUTION

66. Repeat and reallege each response set forth above in paragraphs "1" through "65," with the same force and effect as if fully set forth herein.

67. Deny the truth of the allegations contained in paragraph 67 of the complaint.

68. Deny the truth of the allegations contained in paragraph 68 of the complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the complaint.

70. Deny the truth of the allegations contained in paragraph 70 of the complaint.

71. Deny the truth of the allegations contained in paragraph 71 of the complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72.     This Court lacks personal jurisdiction over the City Defendants based upon insufficiency of service of process.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73.     The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74.     There was probable cause to arrest plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75.     There was probable cause to prosecute Soto in connection with charges arising from his arrest.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76.     In arresting plaintiff, members of the New Rochelle Police Department used no more force than was objectively reasonable.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77.     Police Officer Marc Weinerman is protected from suit by the doctrines of qualified and absolute immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

78.     Police Officer Rafael Rivera is protected from suit by the doctrines of qualified and absolute immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

79.     Police Officer Isabel Arias is protected from suit by the doctrines of qualified and absolute immunity.

1582215.1

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

80. Police Commissioner Patrick J. Carroll is protected from suit by the doctrines of qualified and absolute immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

81. The complaint fails to allege the personal involvement on the part of Police Officer Rafael Rivera or Police Commissioner Patrick J. Carroll.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

82. The complaint fails to allege sufficiently a municipal policy, custom or practice for purposes of liability under *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFNSE

83. The complaint fails to allege sufficiently a conspiracy.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

84. Plaintiff failed to serve a timely notice of claim against the City Defendants.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFNSE

85. Any damages otherwise recoverable by the plaintiff should be diminished in the proportion which plaintiff's culpable conduct bears to the culpable conduct which caused plaintiff's damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFNSE

86. The plaintiff may not recover from the City Defendants more than the City Defendants' equitable share of plaintiff's damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

87. Rafael Rivera is not employed by the City of New Rochelle.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are time-barred.

WHEREFORE, the City Defendants demand judgment as follows: (a) dismissing the complaint with prejudice; (b) for the costs, disbursements and attorney's fees incurred in the defense of this action; and (c) for such other and further relief as the Court may deem just and proper.

Dated:   White Plains, New York
         June 7, 2007

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP
                Attorneys for the City of New Rochelle, Marc Weinerman, Isabel Arias, Rafael Rivera, and Patrick J. Carroll

                _s/Peter A. Meisels_
                By:  Peter A. Meisels (PM 5018)

                3 Gannett Drive
                White Plains, NY  10604
                (914) 323-7000
                File No. 07367.00061