

US... ...Y
DOCUM...NT
ELECT...NICALLY FILED
DO... #
DATE F...ED:

**EMDIN & RUSSELL, LLP.**
*ATTORNEYS AT LAW*
*286 MADISON AVENUE SUITE 2002*
*NEW YORK, NEW YORK 10017*
*Telephone: 212-683-3995*
*Fax: 212-683-4032*

RECEIVED
JUN 0 6 2008
USDC-WP-SDNY

*JEFFEREY L. EMDIN, ESQ.*                                   *ROYCE RUSSELL, ESQ.*

June 4, 2008

**By First Class Mail/Hand Delivery**

**MEMO ENDORSED**

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse
300 Quarropas Street, Room 533
White Plains, NY 10601-4150

**Re: <u>Yimy Soto v. The City of New Rochelle Et als., Index No. 07 Civ. 3726 (KMK)</u>**

Dear Judge Karas:

We represent the Plaintiff in the above referenced action. We are writing in response to Defendants' request for a pre-motion conference. Plaintiff presents a brief response to Defendant's request for said conference and summary of arguments.

<u>**Summary of the Action**</u>

Plaintiff Yimy Soto brings this action for money damages pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and the common law of the State of New York against the City of New Rochelle, Police Commissioner Patrick J. Carroll, and Police Officers Weinerman, Arias and Rivera, in their individual and official capacities ("Defendants"). Plaintiff alleges that the Defendants violated his civil rights pursuant to 42 U.S.C. §1983 when he was falsely arrested on May 6, 2006 through the use of excessive force and then maliciously prosecuted for crimes he did not commit, namely, obstructing governmental administration and resisting arrest. Further, Plaintiff alleges that these acts were a policy and custom of the City of New Rochelle and that the city failed to supervise, train and monitor its police officers. Plaintiff also alleges supplemental state law claims of assault and battery, false arrest/false imprisonment and malicious prosecution. After a jury trial, Plaintiff was acquitted of all charges. Plaintiff timely served a Notice of Claim on the Defendant City of New Rochelle on July 14, 2006, and this action was commenced within a year and ninety days from the date of occurrence.

## In Response To The Defendant's Arguments

1.  Plaintiff's <u>Monell</u> claim against Defendant City of New Rochelle ("City Defendant") must not be dismissed because he will produce evidence that a policy or custom of the City of New Rochelle caused the deprivation of his federal or constitutional rights. It is well settled that the case of <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U. S. 658 (1978), set forth the standard for establishing liability of a municipality for actions of its employees under § 1983. <u>Roberts by Roberts v. City of New York</u>, 753 F.Supp. 480, 485 (S.D.N.Y. 1990). The court must find three elements in order to find liability: 1) an official policy or custom 2) causes plaintiff to be subjected to 3) denial of a constitutional right. <u>Id.</u> (citing <u>Martin v. City of New York</u>, 627 F.Supp.892 (E.D.N.Y. 1985)). The complaint must allege particular facts which indicate a specific custom or policy. <u>Id.</u> Such a policy may be inferred from circumstantial evidence, such as failing to properly train municipal employees regarding constitutional rights. See <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir.1992). Plaintiff alleges a specific custom and policy where the City Defendant, *inter alia*, deliberately acquiesced[1] to poor supervision and training by Defendants which caused Plaintiff to be subjected to an unlawful arrest by excessive force and to a malicious prosecution.[2] In summary, Plaintiff, through circumstantial evidence, will show that City Defendant was deliberately indifferent to their police officers' unlawful conduct by, *inter alia*, failing to discipline or offer training when their acts of misconduct were committed.

2.  Plaintiff will prove his allegations that Commissioner Patrick J. Carroll ("Defendant Carroll"), as Police Commissioner of the City of New Rochelle was deliberately indifferent in hiring/or retaining and/or supervising police officers. Pl.'s Compl. ¶¶ 51-55. Supervisory liability may be imposed under §1983 when an official has actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act. See <u>Pizzuto v. County of Nassau</u>, 239 F. Supp. 2d 301 (E.D. N.Y. 2003). Plaintiff will present evidence that Defendant Carroll was aware of the constitutional violations committed by New Rochelle police officers and that he tolerated these acts of unlawful misconduct.

3.  All claims against Officer Rivera ("Defendant Rivera") should not be dismissed because he assisted Officer Weinerman ("Defendant Weinerman") in the unlawful arrest of Plaintiff. Pl.s Comp. ¶ 11-18; Transcr. Depo. P.O. Weinerman 17:7 (February 17, 2008). "[T]he defendant Police Officers that were present and failed to intercede on the plaintiff's behalf are also liable under 42 U.S.C. 1983." See <u>Ricciuti v. N.Y.C. Transit Authority</u>, 124 F,3d 123, (2nd Cir. 1997); <u>Neill v. Krzeminski</u>, *839* F.2d 9, 11 (2d Cir. 1988)( A police officer "has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.") In the

case at bar, Defendant Rivera was present and did not intervene to prevent Defendant Weinerman from slamming Plaintiff's head on the pavement, in fact, Defendant Rivera

---

[1] Pl.'s Compl. ¶47.

[2] False arrest and malicious prosecution claims … are rooted in the Fourth and Fourteenth Amendments. See <u>Boyd v. City of New York</u>, 336 F.3d 72, 75 (2d Cir.2003).

helped to drag Plaintiff along the ground, striking him against the patrol car, during the unlawful arrest. Pl.'s Comp. ¶ 15-17, Transcr. Depo. P.O. Weinerman 17:7.

4.   The federal and state-law claims for false arrest and malicious prosecution should not be dismissed because there are genuine issues of material fact in dispute regarding whether there was probable cause to arrest and prosecute Plaintiff. "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996). "If the determination of whether an arresting officer had probable cause requires the resolution of disputed facts, the existence of probable cause is to be decided by a jury." Murphy v. Lynn, 118 F.3d 938, 947 (2d. Cir. 1997). A finding of probable cause to arrest defeats a malicious prosecution claim ...." Dukes v. City of New York, 879 F.Supp. 335, 342 (S.D.N.Y. 1995). Plaintiff testifies that he was watching a commotion inside of a bar and upon exiting the bar he was punched by Defendant Weinerman and then arrested without a warrant. Transcr. Depo. Yimi Soto 64:21-65:24, 74:2-4 (February 19, 2008). In contrast, Defendant Weinerman testified that Plaintiff was having an altercation in the bar and then as he left Plaintiff used his elbow to push by Defendant Weinerman. Transcr. Depo. P.O. Weinerman 12:7-19. Plaintiff will provide evidence to corroborate his version of these events; hence, both the false arrest and malicious prosecution claim should not be dismissed since the issue of whether there was probable cause for the arrest is in dispute.

Defendants Weinerman, Arias and Rivera are not entitled to qualified immunity because a jury could find that they did not have probable cause to arrest Plaintiff and that they effected an arrest by using excessive force. When an officer raises the issue of qualified immunity, courts must engage in a two-step process. "[T]he first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered . . . ." Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L. Ed.2d 272 (2001). First, false arrest and the use of excessive force is a violation of the Fourth Amendment protections against being unreasonably seized by government officials.  Second, Plaintiff will present facts demonstrating that he was arrested without probable cause and then brutalized by the officers during the arrest. Specifically, the evidence will illustrate, *inter alia*, the following material issues of fact in dispute: 1) whether the officers had probable cause for the arrest; 2) whether force was needed to affect the arrest; and 3) whether the force used was reasonable.

5.   The federal and state-law excessive force (assault and battery) claims must not be dismissed against Defendant Arias. To establish a Fourth Amendment excessive-force claim, a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting him, "objectively unreasonable" under Fourth Amendment standards. See Graham v Connor, 490 U.S. 386, 394 (1989). The reasonableness of the force used is "judged from the perspective of a reasonable officer on the scene" and takes into account factors such as "the severity of the crime at issue, whether the suspect poses

an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (citation omitted). Proper application of the reasonableness standard "requires careful attention to the facts and circumstances of each particular case." Id. at 396. In this case, Plaintiff's evidence identifies a material issue of fact in dispute regarding whether the force applied by the Defendants was reasonable. Specifically, Plaintiff's testimony is in direct conflict with the Defendant's claims. Hence, Defendant Arias is liable under §1983 because she should have interceded to stop the assault of plaintiff and the unlawful arrest, instead, she assisted in carrying out these unconstitutional acts.

In addition, because Plaintiff's proofs places the issue of "reasonableness" in dispute, Defendant Arias as well as Defendants Weinerman and Rivera, are not entitled to the defense of qualified immunity because a finding that a law enforcement officer acted "objectively unreasonably" in the use of force forecloses a finding under the second prong of the qualified immunity defense. See Warren v. Dwyer, 906 F.2d 70, 74 (2d Cir.1990)(to establish the qualified immunity defense, a police officer must satisfy one of two tests: either that his conduct did not violate "clearly established rights" of which a reasonable person would have known, or that it was "objectively reasonable" to believe that his acts did not violate these clearly established rights.)

6. As stated *supra*, with respect to the federal and state-law excessive force (Assault and Battery) claims, because Plaintiff's proofs places the issue of "reasonableness" in dispute, Defendant Weinerman is not entitled to the defense of qualified immunity.

7. The federal claim of negligent hiring/training/supervision must not be dismissed. In response to Defendants' claim that Plaintiff has not demonstrated any facts in discovery that would support the claim, Plaintiff reserves the right to respond to Defendants' proposed motion for summary judgment as per the pending motion schedule.

8. The Plaintiff will meet its burden regarding the claims set forth against the Defendants and the forgoing represents a response to Defendants summary of the main arguments that will comprise their motion for summary judgment.

Accordingly, we look forward to advancing this matter as the Court deems just and proper.

Respectfully submitted,
**Emdin & Russell, LLP**

Royce Russell

The Court will hold a Pre-motion conference on July 23 2008, at 11:00

Cc: Lalit K. Loomba, Wilson, Elser, Moskowitz, Edelman & Dicker LLP

SO ORDERED.

KENNETH M. KARAS U.S.D.J.

6/10/08

4