# MEMO ENDORSED

AUG 13 2008

USDC-___-SDNY

## EMDIN & RUSSELL, LLP.

### ATTORNEYS AT LAW
#### 286 MADISON AVENUE SUITE 2002
#### NEW YORK, NEW YORK 10017
##### Telephone: 212-683-3995
##### Fax: 212-683-4032

JEFFEREY L. EMDIN, ESQ.                                          ROYCE RUSSELL, ESQ.

August 12, 2008

**Via Hand Delivery**

Honorable Kenneth M. Karas
United States District Court Judge
United States Courthouse
300 Quarropas Street, Room 533
White Plains, NY 10601-4150

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

### Re: Yimy Soto v. The City of New Rochelle Et.als., Index No. 07 Civ. 3726 (KMK)

Dear Judge Karas:

This letter is submitted on behalf of the Plaintiff, Yimy Soto, in regards to Federal Rule of Civil Procedure Rule 4 as to Police Officer Rafael Rivera.

### Legal Issue

The plaintiff concedes that service was imperfect as to Police Officer Rivera, in that the summons and complaint was served on The City of New Rochelle Police Department, whereupon, counsel for the plaintiff was later informed, during the depositions of the other named defendants, that Police Officer Rivera had relocated to Buffalo Police Department. Upon receiving said information plaintiff neglected to serve Police Officer Rivera at his new place of business.

## Argument for Extension

Although service was not properly executed, plaintiff requests that the court extends time to serve Police Officer Rafael Rivera, despite the plaintiff's failure to show good cause. See Benjamin v. Grosnick, 999 F.2d 590, (Where the defendant's delay in notifying plaintiff of imperfect service constituted good cause).

It has been well settled that Federal Rules of Civil Procedure – Rule 4-4m grants courts discretion to extend the amount of time for service in a given action despite no showing of good cause. *Datiari v. City of New York*  at  2 (E.D.N.Y. Nov. 17, 2004), *Henderson v. United States*, 417 U.S. 654, 662-663 (1986), *Zapata v. City of New York* 2d Cir. (Sept. 20, 2007) (Where it was held that the District courts have the discretion to grant extensions even in the absence of good cause).

Moreover in Busler v. Corbett, 259 A.D. 2d 13, (1999), the court allowed service upon a party whereupon the plaintiff failed to establish good cause, for the failure to properly serve the party and stated "That both Federal precedent and legislative history support the position that [a] plaintiff is not automatically prevented from pursuing a claim and the court should examine, in the interest of justice, whether an extension be granted."

In the instant matter, the plaintiff will be barred from having his day in court as it pertains to Police Officer Rafael Rivera if the court were to dismiss the claim against Officer Rivera with prejudice. And, given that the defendant has not stated that Police Officer Rafael Rivera would be prejudiced by allowing an extension for proper service or more importantly how the defendant would be prejudiced by such extension, an extension for proper service would be in the interest of justice.

Furthermore, the defendant asserts as an affirmative defense, qualified immunity as to Police Officer Rivera's actions and Police Officer Rivera does not have a duty to intervene as to a fellow officer's misconduct. This position is not prejudiced or tainted by the court granting an extension so that service can be executed on Officer Rafael Rivera.

Therefore, plaintiff respectfully requests an extension to properly serve defendant Police Officer Rafael Rivera, although it concedes that service was imperfect and good cause does not exist.

Cc:    Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.
       Lalit Loomba, Esq.
       3 Gannett Dr.
       White Plains, NY. 10604

Very truly yours,
Emdin & Russell, LLP.

By: Royce Russell, Esq.

Mr. Loomba is to respond to this letter by August 29, 2008.

So Ordered.

8/14/08